THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, JEFF FROST and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br>and<br><br>MIKE SHALES, JOHN P. BRYAN, AL OROSZ, JEFF FROST, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>HUGH HENRY CONSTRUCTION INC., an Illinois corporation, and TRACEY BIESTERFELDT, individually,<br><br>Defendants. | Case No. 14-CV-305<br><br>Judge Rebecca R. Pallmeyer |

**PLAINTIFFS MOTION FOR ENTRY OF DEFAULT
AND FOR FINAL JUDGMENT ON COUNTS I & IV
AGAINST DEFENDANT HUGH HENRY CONSTRUCTION, INC.**

Plaintiffs MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, JEFF FROST and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN P. BRYAN, AL OROSZ, JEFF FROST, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, pursuant to Fed.R.Civ.P. 55(b)(2) and Fed.R.Civ.P. 54(b), respectfully move this court for entry of final judgment, in the form of the attached proposed order, against Defendant HUGH

HENRY CONSTRUCTION, INC. ("Defendant Company") on Counts I and IV of the Complaint. In support of this motion, the Plaintiffs state as follows:

1. This is a claim against the Defendant Company for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. §1145.

2. The Funds filed their four-count Complaint against Defendant Company and Tracey Biesterfeldt on January 16, 2014, seeking the following relief:

   (a) Count I seeks payment of delinquent contributions and dues from Defendant Company, for March 2013 through the present and for late fees and interest owed on untimely reports for the months of March 2013 and April 2013. Count I is brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") Section 515, 29 U.S.C. §1145 and Section 502(g)(2), 29 U.S.C. §1132(g)(2), and the Labor Management Relations Act ("LMRA") Section 301, 29 U.S.C. §185.

   (b) Count II seeks delinquent dues contributions from Defendant Company and Tracey Biesterfeldt as unpaid wages under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq..

   (c) Count III seeks delinquent dues contributions from Defendant Company and Tracey Biesterfeldt, as wages wrongfully converted.

   (d) Count IV seeks enforcement of Defendant Company's obligation to obtain a bond in the amount of $25,000.00.

3. On January 31, 2014, the Funds served the summons and complaint on Katherine M. Galvin at 5901 W. Lawrence Avenue, Chicago, Illinois. Katherine M. Galvin is the registered agent for Defendant Company. (The return of service is attached hereto as Exhibit 1).

4. As of the filing of this motion, more than 21 days after the date of service, Defendant Company has failed to plead or otherwise defend the case.

5. On March 18, 2014, the Funds filed a Waiver of Service of Summons for Tracey Biesterfeldt at 5905 W. Lawrence Avenue, Chicago, Illinois (Docket #8). Defendant Tracey

Biesterfeldt's answer is due on May 6, 2014. This motion does not seek any relief against Tracey Biesterfeldt.

6. The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of The Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Laborers District Council Labor Management Cooperation Committee ("LDC/LMCC"), the IAF Fund, the CISCO Fund, the Apprenticeship Fund, and the Safety Fund (collectively, "the Affiliated Organizations"). (Affidavit of Pat Shales ¶5, attached hereto as Exhibit 2).

7. Notwithstanding its obligations under the Funds' respective Trust Agreements, the Defendant Company failed to correctly report and pay contributions to the Funds for the period of March 2013 and to October 2013, as shown in the audit report attached as Exhibit A to the Complaint, despite demand duly made. (Ex.2. Affidavit of Pat Shales ¶6 and Attachment A thereto).

8. Pursuant to the Funds' collection procedures, Employers who fail to report and/or remit contributions are liable for interest and liquidated damages of 20% for prior delinquent contributions owed to the Funds. The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the funds and interest on the unpaid contributions continue to accrue until payment is made (Ex.2, Affidavit of Pat Shales ¶7 and Attachment B thereto).

9. Notwithstanding its obligations under the collective bargaining agreements, the Defendant Company failed to remit dues owed to the Laborers District Council for the period of March 2013 to October 2013, as shown in the audit report attached as Exhibit A to the Complaint. Defendant

3

Company has also accumulated late fees owed the Laborers District Council and Affiliated Organizations for prior delinquent months. Employers who fail to remit dues and contributions to the Affiliated Organizations on a timely basis are liable to pay an additional 10% on dues owed for delinquent months. (Ex.2, Affidavit of Pat Shales ¶8 and Attachment B thereto).

10. As alleged in Count I, in addition to the delinquencies shown in the audit report attached as Exhibit A to the Complaint, the Defendant Company also submitted reports for March and April 2013 untimely. Reports for both months were received on or about August 21, 2013. Based on that receipt date:

(a) late fees are owed for the March 2013 in the amount of $1,704.63 and interest is owed in the amount of $676.23; and

(b) late fees are owed for the April 2013 in the amount of $1,702.40 and interest is owed in the amount of $501.11.

(Ex.2, Affidavit of Pat Shales ¶9).

11. The Funds have received four checks issued by The George Sollitt Construction Company as joint checks to the Funds and the Defendant Company. The Funds have deposited these checks and acknowledge them as a credit toward the delinquencies shown in Exhibit A to the Complaint. The checks are in the amounts of $7,865.80, $20,554.45, $9,579.84, and $3,827.24. (Ex.2, Affidavit of Pat Shales ¶10).

12. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' and Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs as well as and to the District Council and the Affiliated Organizations for dues, contributions and liquidated damages of 10%. Liquidated damages and

interest owed pursuant to the Funds' collection procedures and 29 U.S.C. §1132(g)(2) are a "mandatory rather than a discretionary determination on the part of the court." Central States, Southeast and Southwest Areas Pension Fund, 795 F. Supp. 2d 740, 744 (N.D. Ill. 2011).

13. Pursuant to the Funds' collection procedures and the Defendant Company's collective bargaining agreement, the Defendant Company must also provide the Funds and/or the Union with a bond to guarantee the payment of wages and fringe benefit contributions (Ex.2, Affidavit of Pat Shales ¶11 and Attachment B thereto).

14. In accordance with the Agreement and/or the Funds' collection procedures and based on its work force, the Defendant Company is required to post a bond in the amount of $25,000.00 (Ex.2, Affidavit of Pat Shales ¶12).

15. The form of the bond that is required by the Funds and the District Council was attached to the Complaint as Exhibit B. (Ex.2, Affidavit of Pat Shales ¶13 and Attachment C thereto).

16. Under the terms of the Funds' collection procedures, if an employer fails to provide a bond as required, it is required to pay all of the costs, including attorneys' fees, incurred in seeking to compel the bond (Ex.2, Affidavit of Pat Shales ¶14).

17. As alleged in Count IV of the Complaint, the Defendant Company has failed to post the $25,000.00 bond as required (Ex.2, Affidavit of Pat Shales ¶15).

18. Based on the audit findings in Exhibit A to the Complaint, the Defendant Company owes principal contributions as stated in the reports, plus Funds liquidated damages at 20%, dues liquidated damages at 10%, interest, audit fees, and a cash bond as follows:

| | |
|---|---:|
| Welfare Fund Delinquent Contributions | $90,098.60 |
| Pension Fund Delinquent Contributions | $68,837.08 |
| Safety Fund Delinquent Dues | $69.61 |
| Apprenticeship Fund Delinquent Dues | $3,481.50 |
| CISCO Delinquent Dues | $69.61 |
| IAF Delinquent Dues | $557.04 |
| Liquidated Damages on Funds Contributions @ 20% | $32,622.69 |
| Interest on Funds Contributions | $4,068.41 |
| **Sub-Total Owed to Funds for Delinquent Contributions** | **$199,804.54** |
| | |
| LDCLMCC Delinquent Dues | $926.82 |
| LECET Delinquent Dues | $540.66 |
| Dues Fund Delinquent Dues | $9,960.03 |
| Liquidated Damages on Contributions @10% | $1,142.75 |
| **Sub-Total Owed to Funds for Delinquent Dues and Affiliated Funds** | **$12,570.26** |
| | |
| **Credit for Payments from George Sollitt (4 checks)** | **($38,000.09)** |
| | |
| **Auditor Fees** | **$1,759.50** |
| | |
| March 2013 Untimely Report Late Fees | $1,704.63 |
| March 2013 Untimely Report Interest | $676.23 |
| April 2013 Untimely Report Late Fees | $1,702.40 |
| April 2013 Untimely Report Interest | $501.11 |
| **Sub-Total Owed for Untimely Reports** | **$4,584.37** |
| | |
| **Surety Bond** | **$25,000.00** |
| | |
| **TOTAL OWED:** | **$205,718.58** |

(Ex.2, Affidavit of Pat Shales ¶16).

19. The Defendant Company is also obligated by the terms of the Agreement, to pay the attorneys' fees and costs incurred by the Funds for its efforts to collect these amounts from the Defendant Company.

20. Pursuant to Fed. R. Civ. Pro. 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A final judgment on only some claims is appropriate where the claims retained by the trial court for trial are sufficiently different from the claims on which final judgment is granted such that an appeal from each would not require the appellate court to "go over the same ground" in each appeal. Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997). A final judgment is appropriate here with respect to Counts I and IV of the Complaint, alleging Defendant Company's failure to pay liquidated damages and interest on untimely-paid employee benefit fund contributions and alleging Defendant Company's failure to post a $25,000 bond in accordance with the terms of the agreement and/or the Funds' collection procedures, as there is no dispute as to Defendant Company's liability, and the claims regarding Tracey Biesterfeldt's liability are sufficiently different from the claims in Counts I and IV of the complaint that they "would not require the appellate court to 'go over the same ground in each appeal.'" Id. Specifically, the claims in Counts II and III of the Complaint are based on an alternate liability theory based on dues deducted from employee wages and wrongfully withheld, which is separate from Defendant Company's own liability under Counts I and IV based on delinquent contributions to the Funds owed pursuant to Section 515 of ERISA, 29 U.S.C. §1145 and for breach of contract for failure to post a surety bond, respectively. Accordingly, Plaintiffs request

a final judgment on Counts I and IV of the Complaint, pursuant to Fed. R. Civ. Pro. 54(b).

21. Based the work Plaintiffs' counsel has completed to date and the work Plaintiffs' counsel anticipates doing in the future to bring this matter to conclusion, the Plaintiffs' have incurred and will incur attorneys' fees and costs. Pursuant to the Funds' collection procedures and 29 U.S.C §1132(g)(2), Plaintiffs are entitled to an award for those fees. The Defendant Company is also liable for attorneys' fees based on the terms of the Note (Ex.2, Affidavit of Pat Shales ¶14). Plaintiffs request that they be awarded their fees at this time against Defendant Company and that the parties be directed to comply with Local Rules 54.1 and 54.3 to ascertain the precise amount of those fees, but that compliance with Local Rules 54.1 and 54.3 be deferred until after the Court has entered final judgment on Counts II and III of the Complaint.

WHEREFORE, for the reasons stated above, MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, JEFF FROST and VERN BAUMAN, as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, and MIKE SHALES, JOHN P. BRYAN, AL OROSZ, JEFF FROST, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND respectfully request that the Court enter an order, in the form attached or otherwise, providing for the following:

(a) Finding that Defendant HUGH HENRY CONSTRUCTION INC. is in default.

(b) Entering a final judgment on Counts I and IV of the Complaint, in favor of the Funds and against Defendant HUGH HENRY CONSTRUCTION INC. in the amount of $205,718.58.

(c) Awarding the Funds their attorneys' fees in this case against Defendant HUGH HENRY CONSTRUCTION INC. and ordering the parties to comply with Local Rules 54.1 and 54.3 to ascertain the precise amount of those fees, but deferring that compliance until after the Court has entered final judgment on Counts II and III of the Complaint.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A. Groff
One of Plaintiffs' Attorneys

J. Peter Dowd (#0667552)
Michele M. Reynolds (#6237957)
Jeremy M. Barr (#6299047)
Josiah A. Groff (#6289628)
**DOWD, BLOCH, BENNETT & CERVONE**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

March 28, 2014

9